Oket, J.
We assume that if auditor Cappeller should have placed on the tax list the estimate of $686,375, made in 1883 by the Cincinnati board of education for school pur.poses, it is the duty of auditor Brewster to add to the tax list such sum as with the $477,000, already placed thereon, will make the levy equal to such original estimate. In other words, the question before us is whether the Cincinnati tax commission, provided for in the act of April 16,1883 (80 Ohio L. 124); is a lawful board, and if so, whether it is clothed with power to reduce the estimates for school purposes made by the Cincinnati board of education.
By Rev. stats., § 3885 et seq., the State is divided into school districts. Cities are divided for school purposes into cities of the first class and cities of the second class, and territory may be attached to any city for school purposes. Cities of ten thousand and upward, at the federal census of 1870, are city districts of the first class, and all other cities are city districts of the second class. Cincinnati is a school district of the first class, and territory has been added to the city for school purposes. In such case persons residing on the territory attached "are electors for members of the board of education, but not for city officers generally.
The mode of making estimates and levies for school pur-, poses was chiefly provided for by Rev. Stats., §§ 3958, 3959, 3960. § 3958, specifying the duties of the board of education in making such estimates, was' repealed February 13, 1883 (80 Ohio L. 17), and re-enacted with certain changes. The original as well as the amended section, included the Cincinnati board of education. But on April 16,1883 (80 Ohio L. 124), “ original section 3958” was again repealed.and *656 re-enacted, though so changed as to except Cincinnati from its operation. The repeal of “original section 3958”' was a repeal of the act of February 13,1883. Oshe v. The State, 37 Ohio St. 494, 501; Brigel v. Starbuck, 34 Ohio St. 285. § 3959, placing a limit on the amount which the board of ■ education might levy, was repealed and re-enacted -in an amended form in 1882 (79 Ohio L. 80.), but in its original as well as in its changed form, the Cincinnati board of education was included in its provisions. In 1883, however, the section was repealed and re-enacted in such form as to except the Cincinnati board from its operation (80 Ohio L. 124). § 3960, relating to such estimates, when read in connection with sections 3958 and 3959 in their amended form, has no application to the Cincinnati school district, so far at least as the section relates-to the duties of the board of education and county auditor.
, An examination of the act of April 16, 1883 (80 Ohio L. 124), will show that the manner of estimating, limiting and levying taxes for school purposes for the Cincinnati school ■districts, is governed mainly by its provisions. That £ict provides, among other things, .as follows: “ Section 2690a. In each city of the first, second and third grades of the first class, and in cities of the second class, first grade, and in cities having a population of twenty thousand and not more than thirty thousand, and in cities having a population of fifteen thousand four hundred and thirty-five by the last federal census, there shall be a board of tax commissioners to consist of the mayor, the city comptroller nor city auditor, and if ■they have neither city comptroller or city auditor, then the city solicitor, and three citizens of such city, to be appointed .by the superior court of such city, or if there be no superior court in such city, the court of common pleas of the county in which such city is situated, and which three citizens last mentioned shall be- appointed, one for three years, one' for two years, and one for one year, and their successors shall be appointed for three years from the expiration of their respective terms. In case of any vacancy by the death, resignation, removal from such city or otherwise of either of such citizen *657 commissioners, the same shall be filled fer the residue of his term by appointment of said court.
“ Section 2690c. That no tax shall be levied upon the property of any such city by the council thereof, or any school board or other authority therein, until approved by the board of tax commissioners aforesaid.........
“ Section 2690%. In all cities of the first grade of the first class, to enable the city comptroller and the boards aforesaid to estimate correctly the levies and the appropriations aforesaid, the authorities of all the city institutions, as well as every head of a department or office in the city for whose wants provision is to be made, including the board of education and the trustees of the commercial hospital, shall report to the comptroller on or before the first Monday of March, in each year, the amount of money • needed for their respective wants for the ensuing year,said estimate to be given for each month. The comptroller, as well as the boards of tax commissioners and common council, shall revise them, and, if deemed proper, shall reduce them, so as to prevent unnecessary expenditure, and to bring them within fair limits to the other expenditures required by the city......
“ Section 2689. The aggregate of all taxes levied or ordered to be put upon the grand duplicate, above the tax for county and state purposes, including the levy lor general purposes, and the tax for schools and school-house purposes and for hospital purposes and other special purposes, in cities of the first grade of the first class, shall not exceed in any one year sixteen mills on each dollar of the value of any property as valued for taxation on the county tax-list, and such further rate as may be necessary to provide for the payment of the interest, and to create a sinking fund for the redemption of bonds issued, and that may be issued under the act relating to the Cincinnati Southern Railway, passed May 4, 1869, and the acts amendatory thereof, and supplementary thereto.”
These provisions devolve upon the Cincinnati board of education the duty of making, each year, an estimate of the amount of taxes which, in the opinion of the board, will be necessary for school purposes ; but the estimate may be re *658 duced in the manner provided in the above section 2690 (i) ; and, aside from taxes for state, county, and Cincinnati Southern Railway purposes, the rate for all purposes, including schools, cannot exceed sixteen mills in any year (§26S9).
It is urged that such construction of the provisions of the statutes renders the act of April 16, 1883, unconstitutional, so far as it relates to the Cincinnati school district, and attention is called to the fact that in The State v. Powers, 38 Ohio St. 54, it was held that laws regulating the organization and management of common schools, must have a uniform operation throughout the state. True, but the power of classification was.distinctly recognized in that case.
When the bill providing for the classification referred to in the clause quoted from the act of April 16,1883 (2690a), was reported to the general assembly, the reasons in support of such classification were stated by the codifying commissioners at length. Rev. Stats. Preface VIII.-X. The objection that the classification was illusory was conceded to be forcible, but it did not prevail. On the contrary, the reasons given by the commissioners in support of such classification • were thought to be sufficient, and hence the classification was adopted. Rev. Stats. §§ 1546-1550. The validity of that classification has been repeatedly recognized in this court, and the reasons for adhering to that construction of the constitution are cogent and satisfactory. Hence, we hold that statutory provisions with respect to any such class are for governmental purposes, general legislation, and not in conflict with Art. 2, § 26, nor Art. 13, § 6, of the constitution.
It is urged, to be sure, that certain territory not within the city of Cincinnati has been attached to the city for school purposes, and hence that the Cincinnati school district is not, in territory, the city of the first grade of the first class referred to in the above section 2690 (a). But this does not change the fact that wherever the board of education is referred to in the above provisions, the words include the Cincinnati board of education. Nor is any confusion created, or unwarranted liberty with the language taken, by calling such board a board within the city. Persons residing on the terri *659 tory so attached are electors, as we’have seen, for members of such board of education, and hence are represented in the board; and such territory, and the residents thereof, are embraced in the estimates of the board, and must be included in the tax actually levied. True, the persons residing on such attached territory had no choice in the selection of the board which reduced the levy ; but, as affecting the question of the validity of the tax revising board, or its power to reduce the levy as made by the board of education, the fact is of no importance. If the city of Cincinnati and the Cincinnati school district were commensurate, an act providing a special mode of making estimates ■ for school purposes, and confining it to cities of the first grade of the first class, would, in view of whát has been stated as to the power of classification, bo entirely valid. The fact that the school district is larger than the city proper, does not interfere with the power to classify and to legislate with respect to such class. And as the Legislature may provide, in terms, a limitation on the rate or amount of taxation for school purposes for any such class, it may, as in this statute, leave unlimited the rate and amount which the board of education may estimate as necessary, iii the board’s opinion, for school purposes, and vest, in such board or officer as the legislature may provide for or designate, the power to revise and reduce such estimate. In this instance the legislature has provided that such revision and reduction may be made by a tax revising board elected or selected by the city proper or its officers. We see no constitutional objection to the tax commission or its power to reduce the estimates of the board of education.
The act of April 16,1883, as we have seen, applies to cities of the first class, and cities of the first grade of the second class. At present that includes Cincinnati, Cleveland, Toledo and Columbus. Being constitutional to this extent, we do not think its validity is affected by the fact — if it be a fact — that it is invalid as to the other cities referred to therein. We would not be justified in saying that it is probable its passage was made to depend on the fact that such minor cities were embraced by it. Hence, the act is valid as to the cities *660 named, even if invalid as to the minor cities, which are not brought within any recognized or permissible classification. Little, M. R. Co. v. Com. of Greene Co., 31 Ohio St. 338, 344; Com. v. Hitchins, 5 Gray, 482, 485; Cooley’s Com. L. (5th ed.), 211, 216; Bishopls Written L., § 34.

Demurrer to answer overruled and peremptory writ denied.